UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KAMRAN AHMED, et al.,                    )
                                          )
            Plaintiffs,                   )
                                          )
v.                                        )        Case No. 4:08CV826 HEA
                                          )
ERIC HOLDER,[1] in his official capacity as   )
Attorney General of the United States, et al., )
                                          )
            Defendants,                   )

## OPINION, MEMORANDUM AND ORDER

This matter is before the court on Defendants' Motion to Dismiss in Part and

Motion to Remand in Part, [Doc. No. 9], Plaintiff's Motion to Certify Class, [Doc.

No. 16], Plaintiffs' Request for Rule 16 Scheduling Conference, [Doc. No. 51], and

Defendant's Motion to Dismiss in Part and Motion to Remand in Part and Motion to

Dismiss a Certain Plaintiff due to Mootness, [Doc. No. 53]. For the reasons set

forth below, the Motions to Remand are granted; the Motion to Certify Class is

denied; the Request for Rule 16 Scheduling Conference is denied as moot, and the

---

[1] On February 3, 2009, Eric H. Holder, Jr. replaced Michael B. Mukasey as Attorney General of the United States, and is therefore substituted for Defendant Mukasey. Likewise, Janet Napolitano in her official capacity as Secretary of the U.S. Department of Homeland Security is substituted for Defendant Michael Chertoff and Alejandro Mayorkas in his official capacity as Director of the United States Citizenship and Immigration Services is substituted for Defendant Scharfen.

Motion to Dismiss a Certain Plaintiff due to Mootness is granted.

## Facts and Background

The individual Plaintiffs together filed their Complaint for Declaratory and Injunctive Relief Class Action; Petitions for Naturalization on June 6, 2008. Plaintiffs allege violations of the Administrative Procedure Act ("APA") regarding the processing of Plaintiffs' naturalization applications under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1447(b). The Amended Complaint identifies the Defendants as the United States Attorney General, the Secretary of the Department of Homeland Security, the Director of the United States Citizenship and Immigration Services ("CIS"), the District Director of the Kansas City District Office of CIS and the Officer in Charge of the St. Louis, Missouri Sub-Office of the CIS and the Director of the Federal Bureau of Investigation ("FBI").

On April 24, 2009, another group of Plaintiffs filed an essentially identical Complaint against the same defendants, alleging the same claims. This case was consolidated into the instant matter pursuant to the Court's Local Rule 4.03.

The named Plaintiffs[2] allege that they are each lawful, permanent residents of

_____

[2] Of the named Plaintiffs in Cause Number 4:08CV826 HEA, only four remain: Suad Bajramovic, Aboud Mohamed, Asim Omerspakic, Mohamud Yusuf. Plaintiff Azamir Zukanovic's claims are the subject of Defendants' Motion to Dismiss Certain Plaintiff due to Mootness. As discussed, *infra*, this motion will be granted and Plaintiff Zukanovic will also be dismissed. The remaining Plaintiffs have been dismissed from this action due to their claims being

the United States who have filed applications for naturalization to become citizens of the United States. They allege that their applications for naturalization have not been adjudicated in accordance with statutory deadlines because of "government agencies'" use of certain security checks that lack time lines for completion and "are of questionable value."  Plaintiffs maintain that federal law requires the CIS to reach a decision on a naturalization application within 180 days from the date of submission of the application and within 120 days of the naturalization examination and, in the instance of each of the Plaintiffs, the CIS has failed to comply with this deadline. According to Plaintiffs, the CIS has asserted in each instance that the delay is caused by the failure to complete "name checks."  Plaintiffs allege that their circumstances are not unique; rather, they are typical of similarly situated naturalization applicants in the St. Louis District who have not had their applications adjudicated due to pending name checks. They seek certification of a class comprised of all lawful, permanent residents in the St. Louis District Office of CIS who have submitted naturalization applications to the CIS but whose applications have not been adjudicated and decided within 180 days of the submission of their applications due to the pendency of an FBI name check.

Plaintiffs propose two sub-classes: Pre-examination (those individuals whose

moot.

applications have not been adjudicated by CIS within 180 days) and post-examination lawful permanent residents (those individuals whose applications have not been adjudicated by CIS within 180 days from filing and within 120 from passing their naturalization examinations because of pending FBI name checks, excluding those individual who have filed independent actions regarding the same issues.

Defendants move to dismiss for lack of subject matter jurisdiction or to remand to the CIS, pursuant to 8 U.S.C. § 1447(b). Defendants also seek dismissal for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## Discussion

Plaintiffs contend this court has jurisdiction pursuant to 8 U.S.C. § 1447(b); 28 U.S.C. §§ 1331, 1361 and 2201; and 5 U.S.C. § 701, *et seq.*, and 8 U.S.C. § 1447(b). Each applicant seeking naturalization is required to comply with certain legal and regulatory requirements. Qualifying individuals who wish to become naturalized citizens must seek application to the CIS, the agency charged with the responsibility of adjudicating naturalization applications. Upon the submission of such applications, the CIS is obliged to conduct an investigation of each applicant, including a criminal background check, as well as an interview and examination.

After an applicant successfully completes the process, he/she may be sworn in as a citizen of the United States. Citing 8 C.F.R. § 335.3, Plaintiffs assert that the CIS must render a decision to grant or deny the application within 120 days of the date of the examination. If an applicant has complied with all requirements for naturalization, the CIS officer must grant the naturalization application. *Id.* In accordance with the provisions of 8 U.S.C. § 1447(b), if the CIS fails to render a decision on a naturalization application within 120 days of the naturalization examination, the applicant may apply to the United States District Court in the district in which the applicant resides for a hearing on the matter. In addition, Plaintiffs assert that 8 U.S.C. § 1571 provides that it is the "sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial date of filing the application[.]"

Regarding the name checks, Plaintiffs maintain that in 2002, without promulgating regulations or giving notice and an opportunity for public comment on the rules the CIS altered the naturalization process by requiring all applicants to pass a so-called "name check" to be conducted by the FBI, in addition to any other background investigation. Plaintiffs maintain that such name checks-searches of FBI files and similar records-are not authorized or required by federal regulations yet the CIS will not approve applications absent such name checks. By Plaintiffs'

account, these name checks are often the cause of lengthy delays in the naturalization adjudication process. Plaintiffs also maintain that, in April 2006, the CIS implemented a new policy and practice of refusing to schedule naturalization examinations for those applicants whose FBI name checks were not completed. As a result, Plaintiffs contend that unreasonable and extraordinary delays now occur even before any examination occurs. By Plaintiffs' allegations, Defendants have a policy, pattern, and practice of unlawfully failing to render decisions on naturalization applications within 120 days as required due to pending name checks and a policy, pattern, and practice to unreasonably delay rendering a decision on naturalization applications due to pending name checks. Defendants, Attorney General and Director of the FBI, are alleged to have a policy, pattern, and practice of unlawfully withholding and unreasonably delaying the completion of name checks, with full knowledge that the CIS will not adjudicate the naturalization applications of the proposed Plaintiffs' class until the name checks are completed. According to Plaintiffs, these FBI name checks are not authorized by law and their requirement was unlawfully and arbitrarily implemented and enacted without the necessary period of public notice and public comment.

Plaintiffs, individually and on behalf of a proposed class, assert five counts. In Counts I and II, Plaintiffs allege that the APA requires administrative agencies to

conclude matters presented to them "within a reasonable time." See 5 U.S.C. § 555(b). Plaintiffs allege that the failure of the Defendants to render a decision on the pending naturalization applications of the Plaintiffs' class within 120 days violates the APA at numerous sections and they urge that declaratory and injunctive relief is warranted.

In Count III, Plaintiffs assert that because Defendants have unlawfully failed to render a decision on their naturalization applications within the mandated 120 days, each Post-Examination Plaintiff is entitled to either an adjudication of the naturalization applications or to a remand to CIS with appropriate instructions to complete the FBI name checks and to finally adjudicate their applications within a reasonable time period. Each Post-Examination Plaintiff seeks a determination by the Court that he/she meets the requirements for naturalization and is to be naturalized without further delay. in accordance with the provisions of 8 U.S.C. § 1447(b).

Count IV alleges that Plaintiffs' Due Process rights were violated because of Defendants' pattern, practice or policy of failing to adjudicate the applications for naturalization within 180 days of the date of submission of the applications for naturalization. Plaintiffs further contend that there is a pattern, practice or policy of failing to timely complete FBI name checks with the full knowledge that CIS

requires such completion for adjudication of applications for naturalization. Plaintiffs allege a pattern, practice or policy of failing to set deadlines for completing the name checks and to take all the other reasonable steps necessary to complete the adjudication of applications for naturalization within 180 days of the date of submission of the applications and within 120 days of the naturalization examinations because of pending FBI name checks.

Count V is a claim of a violation of the notice and comment requirements of the APA. Plaintiffs contend that the actions and omissions in failing to provide a notice and comment period prior to the November 2002 "expansion" constituted a substantive rule that departed from prior policy and practice and has had a substantial adverse effect on a large number of those affected, namely naturalization applicants, contrary to the APA, 5 U.S.C. § 553. Again, Plaintiffs seek declaratory and injunctive relief.

Defendants move to dismiss or remand to the CIS. As a preliminary matter, the Motion of Defendant to Dismiss Plaintiff Azamir Zukanovic is granted, since this Plaintiff has been naturalized.

As for the remaining applicants whose applications are complete and who have completed their interviews, but remain pending, Defendants urge that this

court should remand their applications to the CIS pursuant to § 1447(b)[3] for further proceedings and without instructions or deadlines.

Regarding Plaintiffs' claims under the APA, Defendants assert that Plaintiffs' claims fail because they have an adequate remedy under § 1447(b). They argue further that judicial review is precluded under the APA where, as here, agency action is committed to agency discretion by law. They maintain that neither the FBI nor CIS are required to render a decision within 120 days, and the CIS, as the agency entrusted with administering the naturalization laws, is entitled to deference in how it chooses to effectively discharge its duties. Thus, Defendants contend judicial review is inappropriate.

As for Count IV, Defendants contend that Plaintiffs are unable to state a protected liberty interest in the naturalization procedure. They therefore seek dismissal of Count IV.

Defendants urge the claims in Count V is appropriate because the claim fail because the November 2002 decision to expand the scope of background searches was simply an interpretive rule on the meaning of the congressionally mandated "full criminal background check" and thus is exempt from the APA's notice and

---

[3] For the purposes of this motion, Defendants do not contest the Court's jurisdiction under 8 U.S.C. § 1447(b). A concession the Court finds well made, since the Court agrees that the statute does indeed grant jurisdiction in this Court.

comment requirement.

Plaintiffs urge that the CIS dramatically altered the naturalization process by requiring all applicants to pass the FBI name check. Because it was promulgated and implemented without public notice or comment, Plaintiffs argue that the rule is without the force or effect of law. Plaintiffs contend that this was a substantive rule affecting, as it does, the approval or denial of the naturalization benefit. As such, Plaintiffs urge that the CIS rule should be declared without the force or effect of law.

A motion to dismiss under Rule 12(b)(1) may challenge either the facial sufficiency or the factual truthfulness of the plaintiff's jurisdictional allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When passing on a facial challenge, a court must presume that all of the plaintiff's jurisdictional allegations are true. *Id.* The motion must be granted if the plaintiff has failed to allege a necessary element supporting subject matter jurisdiction. *Id*.

The purpose of a motion to dismiss is to test the sufficiency of the complaint. The Supreme Court has recently determined that *Conley v. Gibson's*, 355 U.S. 41, 45-46 (1957), "no set of facts" language "has earned its retirement." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955,1969 (2007). Noting the plaintiff's "obligation to provide the 'grounds [of his] entitle[ment] to relief," the

Court held that a viable complaint must include "enough facts to state a claim for relief that is plausible on its fact." *Twombly*, 127 S.Ct. at 1964-65, 1974. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965. The Court explain that this new standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Id.* On the other hand, the Court noted that "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[P]rior rulings and considered views of leading commentators" can assist in assessing the plausibility of the plaintiffs' allegations." *Id.* at 1966.

This standard of review has recently been utilized by the Eighth Circuit Court of Appeals. The Court accepts "as true all factual allegations in the complaint, giving no effect to conclusory allegations of law. The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to standing), rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). (Citations omitted).

When considering a motion to dismiss, courts are still required to accept the complaint's factual allegations as true. *Twombly*, 127 S.Ct. at 1965. All reasonable

inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, F.3d 588. 590 (8th Cir. 2004). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997). Furthermore, the Court, in construing the Complaint may also consider the attachments thereto. Any writing attached to a complaint is considered a part of the complaint, and may be considered in ruling on a motion to dismiss. Fed.R.Civ.P. 10(c); *Quinn v. Ocwen Federal Bank FSB,* 470 F.3d 1240, 1244 (8th Cir. 2006).

Although Plaintiffs argue that the Court is not at liberty to consider the affidavits presented by Defendants in their motions, Plaintiffs are relying on Rule 12(b)(6) for this proposition. The Court's analysis herein, is not limited, however to the confines of Rule 12(b)(6). Rather, under the statutory framework, the Court may remand the matter to the CIS. The Motions before the Court also encompass the remand aspect of Section 1447. Thus, the affidavits are presented to the Court for the purpose of determining whether remand is appropriate. Plaintiff have presented no authority to the Court which would preclude consideration of the affidavits in support of the Motion to Remand.

In Counts I and II of the Amended Complaint, Plaintiffs allege violations of

the APA. Plaintiffs allege that Defendants have violated, and continue to violate, the requirement that administrative agencies conclude matters presented "within a reasonable time," contrary to the provisions of 5 U.S.C. § 555(b), which provides, "[w]ith due regard for the convenience and necessity of the parties ... and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). More particularly, Plaintiffs maintain that the Defendants' failure to timely complete name checks and render a decision on Plaintiffs' naturalization applications within 120 days of the date of their examination violates numerous provisions of the APA. Defendants assert that each has an adequate remedy at law under § 1447(b) such that the APA is inapplicable. In any event, Defendants urge that judicial review is precluded under the APA where, as here, the agency action is committed to agency discretion by law. Plaintiffs reply that § 1447(b) does not provide meaningful relief for the broad systemic challenges brought on behalf of the proposed class. In Plaintiffs' view, judicial review is appropriate where the approval process for naturalization applications is a nondiscretionary function once the applicant establishes his eligibility for naturalization.

Plaintiffs are correct that the APA generally requires agencies to conclude matters presented within a reasonable time and directs that a court "shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706.

However, as Defendants note, it also provides that final agency action for which there is no other adequate remedy in a court is subject to review. 5 U.S.C. § 704. Since individuals are afforded an adequate remedy under § 1447(b) to challenge untimely action on naturalization applications, there is no right to judicial review afforded under the APA. More fundamentally, the provisions of the APA are inapplicable to agency action committed to agency discretion by law. 5 U.S.C. § 701. This conclusion ends this claim.

Count III of the Amended Complaint asserts the right to a judicial determination of naturalization applications pursuant to 8 U.S.C. § 1447(b). This statute provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under this section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

Defendants do not contest that Plaintiffs' applications were not processed within the 120-day period. Rather, Defendants argue that Plaintiffs' claims should be dismissed or remanded. Specifically, Defendants argue that the FBI criminal background checks have been completed as to all the Plaintiffs, and thus no case or

controversy exists as against the Defendant FBI.

As to named Plaintiffs whose applications have not yet been fully adjudicated, Defendants argue that the court should remand their claims under § 1447(b), without instructions, for the final processing of their applications. In support of their position, Defendants assert that the CIS has the experience and expertise to assess naturalization applications, and the court should remand to the agency primarily charged with making such decisions. In response, Plaintiffs oppose a remand and urge that the Defendants have breached their duty to adjudicate the applications within 120 days after the initial examination; no deference is owed the Defendants where approval of an application is mandatory for those otherwise meeting the eligibility requirements; and because a remand would seriously harm the legal position of the members of the proposed class.

The Court recognizes that many of these Plaintiffs have waited years for their applications to be processed, and thus prompt attention is warranted. However, in the Court's view, the more expeditious means of finally adjudicating any outstanding application is to remand the same to the CIS under directions from this Court. While section 1447(b) gives the court discretion to adjudicate naturalization applications, the majority of courts considering the matter have acknowledged that the CIS's primary function is to evaluate the merits of such applications and it is

better-equipped to do so.  See e.g. *Obanigba v. Chertoff*, 2008 WL 294332, *3-4 (E.D. Mo. Jan. 31, 2008) (remand is appropriate); *Fattah et al. v. Gonzales, et al.*, 2007 WL 3119844, *3 (E.D. Mo. 2007) (better to remand to action to CIS for further evaluation); *Wang v. Mueller*, 2007 WL 2873415, *2 (E.D. Mo. 2007) (remand to CIS for final determination); *Shalabi v. Gonzales*, 2006 WL 3032413, *5 20 (E. D. Mo. 2006); *Al-Ashwan v. Chertoff*, 2007 U.S. Dist. LEXIS 8677 (E.D. Mo. 2007) (remanding because CIS "is in a better position to complete the application process than this Court").

Thus, as to Plaintiffs whose applications have not yet been finally adjudicated, the Court will remand their applications to the CIS with specific instructions for those applications to be fully processed and determined as expeditiously as possible.

Count IV claims that Plaintiff's due process rights have been violated through the delays in the adjudication of their applications.  To state a due process claim, the Plaintiffs  must first demonstrate that they have a protected interest.  See *Orquera v. Ashcroft,* 357 F.3d 413, 426 (4th Cir. 2003); *Lopez v. Gonzales,* 241 Fed.Appx. 958-959 (4th Cir. 2007).  The Court agrees with Defendants that while Plaintiffs have a reasonable expectation that their naturalization and adjustment applications will be adjudicated, they have presented no legitimate claim of entitlement sufficient

to create a protected liberty interest. *Olim v. Wakinekona*, 461 U.S. 238, 250 n.12 (1983).

In Count V, Plaintiffs allege that the FBI name check requirement, which was implemented without public notice and without providing a period for public comment, violates the APA, 5 U.S.C. § 553.[4] Plaintiffs urge that such a rule or policy is without force and effect. They seek a declaration to that effect and injunctive relief on their own behalf and as to class representatives. Defendants counter that the November 2002 decision by the CIS to require name checks merely reflects its interpretation of the appropriate scope of the congressionally mandated criminal background check . They urge the action did not violate the APA because it exempts "interpretive rules, general statements of policy, or rules of agency organization, procedure, or practice" from the notice-and-comment requirement. See 5 U.S.C. § 553(b).

The Court agrees with the majority of other courts considering this argument, and finds that the 2002 changes in practice were not subject to notice and comment

---

[4] Under § 533, general notice of terms and authority for a proposed substantive rule and notice of the time, place, and nature of the rule making proceedings must be published at least thirty days before the effective date of the rule in the Federal Register, unless personal service is made. This provision does not apply to interpretative rules or general statements of policy. See 5 U.S.C. § 553(b)(3)(A).

procedures. See *Sawan v. Chertoff*, 589 F. Supp. 2d 817, 833 (S.D.Tx. Nov. 18, 2008); *Hani v. Gonzales*, No. 3:07-CV-517-S, 2008 WL 2026092, at *5 (W.D. Ky. May 8, 2008); *Ahmadi v. Chertoff*, 2007 WL 3022573 (N.D. Cal.) (N.D. Cal. Oct. 15, 2007); *Antonishin v. Keisler*, 2007 WL 2788841, at *7-*9; *Tartakovsky v. Pierre*, 3:07-cv-1667-BEN-BLM, Slip Op. at 9-10 (S.D. Cal. Mar. 11, 2008) (unpublished). This claim is therefore dismissed.

Plaintiffs move to certify the class of: pre-examination lawful permanent residents, whose applications have not been adjudicated by CIS within 180 days and post-examination lawful permanent residents, those individuals whose applications have not been adjudicated by CIS within 180 days from filing and within 120 from passing their naturalization examinations because of pending FBI name checks, excluding those individual who have filed independent actions regarding the same issues, all in the St. Louis District.

As a threshold matter, the court must ascertain whether the individually named Plaintiffs have constitutional standing to raise their claims. "[A] class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982) (quoting *East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)).

Next, the named Plaintiffs must satisfy the requirements of Federal Rule of Civil Procedure 23(a). That rule provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (2) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). These requirements are commonly referred to as (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997); *Falcon*, 457 U.S. at 156.  The burden of proving these prerequisites is on the representative parties seeking class certification. *Coleman v Watt*, 40 F.3d 255, 256 (8th Cir. 1994)

Plaintiffs urge that they have met the requirements of Rule 23(a).  They assert that there are hundreds of individuals in this district whose naturalization applications have been delayed.  They also argue that the Government's own statistics show there were 211,341 naturalization applications nationwide pending more than 90 days due to FBI name checks.  Thus, they conclude that the proposed class easily meets the numerosity requirement. Similarly, Plaintiffs urge the commonality requirement is met as evidenced by the common facts that all class members passed their naturalization examination; none had their application

adjudicated within 120 days of the examination; and the delay was likely caused by the FBI name check.  Additionally, Plaintiffs argue that there are similar questions of law common to the class claims including the Defendants' policies and procedures related to the FBI name check requirement and whether it violates the APA's requirement that government agencies conclude matters within a reasonable time and whether the name check violated the APA's requirement of public notice and comment.  Plaintiffs contend that they are "typical" of the proposed class because they have experienced the delays associated with the FBI name checks and assert they will fairly and adequately represent the class.

Plaintiffs must also meet one of the requirement of Rule 23(b). Plaintiffs submit that the instant action satisfies the requirements of Rule 23(b)(2) because the Defendants have refused to act on grounds that apply generally to the class such that injunctive or declaratory relief is appropriate. Specifically, Plaintiffs argue that the agency delay in these situations is exactly the type of systemic abuse for which class certification is appropriate.[5]

Plaintiffs fail to meet the numerosity, commonality, typicality, and adequacy

---

[5] Plaintiffs cite two district court opinions wherein courts have granted class certification.  See; *Roshandel v. Chertoff*, 554 F.Supp.2d 1194 (W.D.Wash.2008); *Santillan v. Ashcroft* 2004 WL 2297990 (N.D. Cal. Oct 12, 2004).  See also, *Yakubova*, 1:06-cv-03202-ERK-ELM, slip op. (E.D.N.Y. July 7, 2008).

requirements, and thus class certification must be denied. Plaintiffs cannot show numerosity where there are only four original Plaintiffs in the first class action petition in this district awaiting adjudication. Since most of the members of the proposed class have already had name checks, any relief under this provision would not flow to the class as a whole as required by applicable law. Lastly, Plaintiffs do not satisfy the requirements of Rule 23(b)(2), essentially because the Defendants have not "refused to act" in contemplation of this provision but instead continue to investigate and adjudicate applications.

On these findings, the Court need not reach the Rule 23(b) issue, and Plaintiffs' motion should be denied.

## Conclusion

Based upon the foregoing, Defendants' Motions to Remand [Doc. No's 9 and 53] will be granted. Plaintiffs' Motion to Certify Class [Doc. No. 16] will be denied. Plaintiffs' Motion for Hearing, [Doc. No. 51] will be denied, as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions to Remand [Doc. No's 9 and 53] are **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion of Defendant to

Dismiss Plaintiff Azamir Zukanovic, [Doc. No. 53], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Certify Class [Doc. No. 16] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Hearing, [Doc. No. 51] is **DENIED**, as **MOOT**.

**IT IS FURTHER ORDERED** that this matter is remanded to the CIS for adjudication of Plaintiffs' naturalization applications as expeditiously as possible.

Dated this 30th day of September, 2009.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE